IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TIMOTHY HALL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CCB-20-2159 |
| LESLIE TOWNSEND, | * | |
| Defendant. | * | |

\*\*\*

## MEMORANDUM OPINION

Plaintiff Timothy Hall, self-represented litigant, filed the above-captioned complaint and paid the filing fee. For the reasons discussed below, the complaint will be dismissed.

Hall's complaint alleges that the defendant, Leslie Townsend, trespassed on his private property on December 4, 2015. ECF No. 1 at 8. He states that he has a videotape of the trespass showing the defendant "targeting the Plaintiff's premises, attempting through force to break and enter…listening to the 911 call made by the plaintiff's wife…decided to begin exiting the property." Id. Hall further states that the police arrived at some point, failed to come to his premises to take a report, and 911 transcripts record the officer stating the defendant was "elderly and needed help getting his vehicle unstuck and a phone call for a tow." Id. Hall alleges that the defendant "lied" about his intentions to the police officer. Id. In addition to alleging that defendant trespassed on his property, Hall states in a conclusory manner that state government and Baltimore County appointed personnel and other key individuals were involved with illegal acts and concealing information about defendant's conduct. Id. at 5. Hall believes that public officials participated in surveillance and harassment amounting to "fraud, stealth and subterfuge." Id. The complaint contains no facts to support these conclusions.

To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331; *Exxon Mobil Corp. v. Allapattah Servs, Inc.*, 545 U.S. 546, 552 (2005).  This is federal question jurisdiction.  Further, under 28 U.S.C. § 1367(a), district courts are granted "supplemental jurisdiction over all other claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  Section 1367 does not create an independent cause of action.  Rather, § 1367 allows a court to exercise supplemental jurisdiction over state law claims, but only where the Complaint also pleads related federal claims.

Hall states that this court has subject matter jurisdiction over the matter because it arises under the Constitution and laws of the United States.  ECF No. 1 at 4.  Hall may be attempting to bring a civil rights action under §1983.  To bring a §1983 action, Hall must (1)"allege the violation of a right secured by the Constitution and laws of the United States," and (2) "show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988). "The color of law requirement excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) *quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977 (1999) (internal quotations omitted).  In regard to the first element, that Hall suffered a deprivation of rights, no facts were alleged as to how his constitutional rights were violated.  In regard to the second element, Hall fails to provide any facts to support a claim that Townsend, a private individual, is a state actor.

In the event that Hall is alleging some conspiracy took place between Townsend and state actors to violate his rights he again fails to allege the basic requirements of such a claim. To establish civil conspiracy under § 1983, plaintiff must present evidence that defendants acted jointly in concert with state actors and that some overt act was done in furtherance of the conspiracy, which resulted in deprivation of a constitutional right. *See Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996). An essential element of a claim of conspiracy is an agreement among the alleged co-conspirators. Without an agreement, the independent acts of two or more wrongdoers do not amount to a conspiracy. *See Murdaugh Volkswagen v. First Nat'l Bank*, 639 F.2d 1073, 1075-76 (4th Cir. 1981). While a conspiracy may . . . "be inferred from the things actually done,'" *Murdaugh*, 639 F.2d at 1075 quoting *Overseas Motors, Inc. v. Imported Motors Ltd., Inc.*, 375 F. Supp 499, 532 (E.D. Mich. 1974), even circumstantial evidence consisting of "coincidence piled on coincidence" is insufficient where the "proof of collusion is simply too attenuated" to conclude there was a conspiracy to violate the law. *Murdaugh*, 639 F.2d at 1075. Hall does not allege that Townsend affirmatively conspired with state actors to deprive him of his constitutional rights.

In short, Hall has not alleged any facts indicating that there are colorable federal claims against Townsend, a private individual. His allegations therefore do not confer federal jurisdiction. Without a jurisdictional basis for suit in federal court, Hall's claims are subject to dismissal pursuant to the Court's inherent authority, even where, as here, the plaintiff has paid the filing fee. *Smith v. Kagan*, 616 F.App'x 90 (4th Cir. 2015); *see Chong Su Yi v. Soc. Sec. Admin.*, 554 F.App'x 247, 248 (4th Cir. 2014) (subject matter jurisdiction over obviously frivolous complaint is subject to dismissal); *Ross v. Baron*, 493 F.App'x 405, 406 (4th Cir. 2012) (same). The federal rules require dismissal whenever there is a determination there is no jurisdiction. *See* Fed. R. Civ. P.

12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Dismissal is appropriate here, given the lack of federal subject-matter jurisdiction.[1]

      Accordingly, the complaint will be dismissed. A separate Order follows.

      Dated this 24th day of August, 2020.

/S/
Catherine C. Blake
United States District Judge

---

[1] Because the case is dismissed for lack of jurisdiction, the court will not address the statute of limitations bar which is apparent on the face of the complaint.